UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

_____
PHILLIP CAPPELLUTI and FELICIA DOLSON- )
CAPPELLUTI,                            )
    Plaintiffs,                        )
                                       )
                                       )
v.                                     )
                                       )
UNITED AIRLINES, INC., and             )
HYANNIS AIR SERVICE, INC., d/b/a CAPE AIR, )
    Defendants.                        )
_____    )

### Introduction

The Plaintiffs, Phillip Cappelluti and Felicia Dolson-Cappelluti, through their Attorneys, Kreindler & Kreindler LLP, bring this action against United Airlines, Inc., and Hyannis Air Service, Inc., d/b/a Cape Air, for personal injuries sustained by Phillip Cappelluti during an international flight contracted for by the Defendant, United Airlines, Inc., and performed by Hyannis Air Service, Inc. d/b/a Cape Air, on an airline ticket issued in the United States. This action is governed by the Warsaw Convention and/or the Montreal Convention of 1999, also known as the Convention for the Unification of Certain Rules for International Carriage by Air.

### The Parties

1. The Plaintiff, Phillip Cappelluti, is a citizen of the State of New Jersey and a resident of Maplewood, New Jersey.

2. The Plaintiff, Felicia Dolson-Cappelluti, is the spouse of Phillip Cappelluti and is a citizen of the State of New Jersey and a resident of Maplewood, New Jersey.

3. The Defendant, United Airlines, Inc. ("United"), is a corporation organized and existing under the laws of Delaware with a principal place of business in Chicago, Illinois.

4. The Defendant, Hyannis Air Service, Inc., d/b/a Cape Air ("Cape Air"), is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business in Hyannis, Massachusetts.

5. United has a regular place of business in the Commonwealth of Massachusetts, operating flights to and from Logan International Airport in Boston, Massachusetts.

## Jurisdiction And Venue

6. This action arises out of and is governed by the Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000, 2 Bevans, 983, 137 L.N.T.S. 11 (the "Warsaw Convention"), as altered by the Convention for the Unification of Certain Rules for International Carriage by Air (the "Montreal Convention 1999") and related agreements and protocols.

7. This Court has jurisdiction over this matter pursuant to Article 33 of the Montreal Convention 1999, in that the Defendant Cape Air is incorporated and has a principal place of business in Massachusetts, and the Defendant is an air carrier that provides services for the carriage of passengers by air using either its own aircraft or another carrier's aircraft pursuant to a code share or other commercial agreement within the meaning of the Convention.

8. The subject flight involved "international carriage" as defined under Article 1 of the Montreal Convention 1999.

9. The Plaintiffs' injuries alleged herein resulted from an "accident" on board the subject aircraft in the course of international carriage within the meaning of the Montreal Convention 1999.

10. Personal jurisdiction exists over the Defendant United by virtue of its ongoing business dealings in the Commonwealth of Massachusetts, where it operates coordinated code share flights, with arriving and departing flights in the Commonwealth of Massachusetts on a regular basis.

11. Personal jurisdiction exists over the Defendant Cape Air by virtue of its status as a domestic corporation with its principal place of business in Hyannis, Massachusetts.

## COUNT I

### Plaintiff Phillip Cappelluti's Claim for Personal Injuries Pursuant to Articles 17 and 21 of the Montreal Convention 1999

12. On April 3, 2013, the Plaintiffs were passengers traveling from to Newark, New Jersey to Beef Island, British Virgin Islands ("BVI"). The tickets were purchased in the United States with an international round-trip itinerary from the United States to the British Virgin Islands and returning to the United States. Plaintiffs flew from Newark to San Juan, Puerto Rico, on United Flight 1481 for a connecting flight on Cape Air to the BVI. United was the contracting carrier, pursuant to the provisions of Article 39 of the Montreal Convention 1999. Plaintiffs arrived in San Juan without incident.

13. The flight from San Juan to Beef Island was aboard Cape Air Flight 0451, which was a carrier under the provisions of Article 39 of the Montreal Convention 1999. Prior to boarding the plane in San Juan, plaintiffs were assigned seats based on their weight. When Phillip Cappelluti sat in his assigned seat and fastened his seatbelt, the seat failed, causing him to fall backwards abruptly and resulting in serious injury to his neck and back. Plaintiff's injuries have necessitated two surgeries to date, extensive rehabilitation and on-going medical care.

14. Plaintiff Phillip Cappelluti sustained bodily injury as a result of an "accident" while on board a Cape Air aircraft, within the meaning of Article 17 of the Montreal Convention 1999.

15. Pursuant to the provisions of Article 17 and Article 41 of the Montreal Convention 1999, the Defendants are liable for damages sustained by Plaintiff Phillip Cappelluti as a result of the injuries he suffered as a result of the accident on board Flight 0451 on April 3, 2013.

16. The Plaintiff's injuries occurred as a result of the Defendants' negligence or other wrongful conduct within the meaning of Article 21 of the Montreal Convention 1999, and the Defendants therefore are liable for damages exceeding 113,100 Special Drawing Rights as provided in Article 21.

17. The aircraft used for Flight 0451 was in a defective and dangerous condition when the Plaintiff was assigned to take the seat, which resulted in its failure when the Plaintiff sat in the seat as instructed.

18. The defective condition of the aircraft by virtue of the condition of the subject seat resulted from the Defendants' negligent failure to properly inspect and maintain the aircraft.

19. The Defendants, acting by and through Flight 0451's cabin and cockpit crew and other employees, failed to take all necessary precautions to prevent the accident that resulted in Plaintiff's injury on board Flight 0451 on April 3, 2013.

20. As a direct and proximate result of the foregoing, the Plaintiff, Phillip Cappelluti, suffered severe and permanent injuries, was rendered unable to engage in his usual occupation and activities, and suffered physical pain and mental suffering.

21. As a direct and proximate result of the foregoing, the Plaintiff is entitled to recover all elements of damages allowable under law, including damages for the following: medical expenses; loss of impairment of earning capacity; economic losses; physical and mental pain and suffering; and all other damages recoverable under the laws of damages applicable to this action.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, in an amount that provides full and fair compensation for the injuries and damages he suffered, plus interest and costs.

## COUNT II

### Plaintiff Felicia Dolson-Cappelluti's Claim for Loss of Consortium Pursuant to Articles 17 and 21 of the Montreal Convention 1999

22. Plaintiff incorporates and reasserts all of the preceding paragraphs as if set forth fully herein.

23. As a direct and proximate result of Defendants' negligence, and the resultant injury to Phillip Cappelluti, the Plaintiff, Felicia Dolson-Cappelluti, suffered a loss of her spouse's full services, society, companionship and consortium.

**WHEREFORE,** the Plaintiff, Felicia Dolson-Cappelluti, demands judgment against Defendants, in an amount that provides full and fair compensation for the injuries and damages she suffered, plus interest and costs.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**Respectfully submitted,**

Phillip Cappelluti and Felicia Dolson-Cappelluti,

By their Attorneys,
**KREINDLER & KREINDLER, LLP**

By:

Date:  March 27, 2015

/s/ Ian McCallister
Ian McCallister, BBO # 633445
Anthony Tarricone, BBO # 492480
Christina Graziano, BBO # 687783

855 Boylston Street
Boston, MA 02116-2805
(617) 424-9100
atarricone@kreindler.com
imccallister@kreindler.com
cgraziano@kreindler.com